IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL and
DANIEL R. McBRIDE,

                                        Petitioners,

     v.

BETH LIND, MR. MUENCHOW,
SANDRA HAUTAMAKI, MIKE
THURMER, OFFICER MUELLER,
OFFICER KROLL, OFFICER EAGER,
OFFICER BEAM and SERGANT
LENTZ,

                                        Respondents.

ORDER

08-cv-539-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a joint action brought by petitioners Michael Muehl and Daniel McBride, inmates at the Waupun Correctional Institution, alleging violations of their constitutional rights. Petitioner McBride requests leave to proceed <u>in forma pauperis</u> and has supported his request with a copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint as required by 28 U.S.C. § 1915(a)(2). Petitioner Muehl has neither paid the $350 filing fee nor submitted a six-month trust fund account statement. Therefore, I construe the complaint to include a request for leave to

1

proceed in forma pauperis on behalf of petitioner Muehl. (Although petitioners have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action. Boriboune v. Berge, 381 F.3d 852, 856 (7th Cir. 2004)). A decision on the requests will be delayed until each petitioner makes an initial partial payment of the $350 filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act, and until each petitioner confirms that he wishes to prosecute his action in a joint complaint, understanding the consequences of doing so as explained in this order.

Petitioners should be aware that when two or more prisoners join their claims in one lawsuit, I am required to record a strike under 28 U.S.C. § 1915(g) against each petitioner named in the caption of the action if I conclude that any one claim in the action is frivolous, malicious or fails to state a claim upon which relief may be granted. According to the court of appeals, when a prisoner in a group complaint signs the pleading, he attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. (I note that petitioner Muehl has not signed the complaint. However, if he responds to this order indicating that he wishes to pursue this case with petitioner McBride, I will consider that he has reviewed the complaint and agrees to proceed with it as filed.) Therefore, he assumes the risk of incurring a strike if any one claim relating to petitioner McBride warrants a strike under § 1915(g).

2

In addition, each petitioner will be held legally responsible for knowing precisely what is being filed in the case on his behalf. He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are found warranted in any aspect of the case.

In screening the complaint, the court will consider whether the action of one petitioner should be severed from the action of the other petitioner and, if it decides severance is appropriate, petitioners will be required to prosecute their claims separately. However, regardless whether petitioners agree to prosecute this case jointly or separately, each will be required to make an initial partial payment of the $350 filing fee for filing the action.

Petitioner Muehl's initial partial payment cannot be calculated at this time because he has not submitted a trust fund account statement with his complaint. Petitioners' complaint was submitted on September 9, 2008. Petitioner Muehl's trust fund account statement should cover the six-month period beginning approximately March 10, 2008 and ending approximately September 8, 2008. Once petitioner Muehl has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under § 1915(e)(2).

From petitioner McBride's trust fund account statement, I have calculated his initial

partial payment to be $.99. If petitioner McBride does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that petitioner is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount petitioner must pay at this time is the $.99 initial partial payment. Before prison officials take any portion of that amount from petitioner's release account, they may first take from petitioner's regular account whatever amount up to the full amount petitioner owes.

## ORDER

IT IS ORDERED that

1. Each petitioner may have until October 8, 2008, in which to advise the court whether he wishes to prosecute this action jointly.

2. If petitioners decide to proceed with the action

   a. Petitioner McBride may have until October 8, 2008, in which to submit a check or money order made payable to the clerk of court in the amount of $.99.

   b. Petitioner Muehl may have until October 8, 2008, in which to submit a trust fund account statement covering the period beginning

4

        approximately March 10, 2008 and ending approximately September 8, 2008.

3. If, by October 8, 2008, either petitioner fails to submit the required statement or initial partial payment, that petitioner will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 17th day of September, 2008.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge