IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL MUEHL and
DANIEL R. McBRIDE,

                                              ORDER

                Plaintiffs,

      v.                                              08-cv-539-bbc

BETH LIND,

                Defendant.

---

      Plaintiff Michael Muehl asserts that he is diagnosed with Attention Deficit Hyperactivity Disorder and Attention Deficit Disorder, which has been medicated with various stimulants. Plaintiff alleges that defendants have begun to wean him off of stimulants and that it is affecting his mental health. On January 16, 2009, plaintiff filed a motion for preliminary injunction requiring prison health care providers to continue to provide him with stimulants to treat his conditions. *See* Dkt. 24.

      On January 21, 2009, defendants responded that they must review plaintiff's medical records before they can respond appropriately to the preliminary injunction request. *See* Dkt. 29. Defendants report that they sent a medical records release authorization form to plaintiff on January 16, 2009 (the day they received his motion) and would like the court to direct plaintiff promptly to sign it and return it.

      This court will grant defendants' request in part. This court's policy in all cases involving confidential medical records is that it will never require a party or witness to disclose confidential

medical records. If, however, a party chooses not to disclose his records, and if those records are material to an issue put into dispute by that party, then it would be unfair to allow the prisoner to advocate that issue while withholding relevant records. So it is here.

I will not set a deadline for plaintiff to return a signed release form to defendants; indeed, he does not have to sign a release form at all. This court, however, cannot and will not hold a hearing on plaintiff's motion for preliminary injunction until defendants have sufficient information to respond to it. This would require them to review plaintiff's medical records. The sooner plaintiff returns a signed authorization, the sooner this review can take place, and the sooner this matter can be decided by the court.

Assuming plaintiff chooses to return a signed release, then defendants shall have 14 calendar days thereafter within which to file their response to plaintiff's motion for a preliminary injunction. Plaintiff may have ten calendar days thereafter within which to file any reply in support of his motion. The court then will determine whether it can resolve the motion on the papers or whether a hearing is necessary, and advised the parties what will happen next.

Entered this 23rd day of January, 2009.

> BY THE COURT:
> /s/
> STEPHEN L. CROCKER
> Magistrate Judge