IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL and
DANIEL R. McBRIDE,

                                                                          ORDER

                   Plaintiffs,

                                                                       08-cv-539-bbc

     v.

BETH LIND,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Michael Muehl and Daniel McBride are proceeding in this case on a claim that defendant Beth Lind violated their rights under the free exercise clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act by failing to have food on the kosher diet plan approved by a proper authority. Now plaintiff Muehl has filed a declaration and memorandum of law that I construe as a motion for preliminary injunctive relief. In his motion, plaintiff Muehl appears to be saying that by the end of January, he will have been eased off of all medication he needs for attention hyperactivity deficit disorder and he wants this court to order his psychiatrist, a Todd Callister, to put him back on "methylphenidate," a medication he has taken previously that is effective to treat his medical

1

condition. Plaintiff Muehl contends that without appropriate medication to control the symptoms of his ADHD/ADD, he will be unable to concentrate or comprehend "complex matters, such as the law."

As a general rule, a court cannot consider a plaintiff's request for preliminary injunctive relief that is sought against a person who is not a party to his lawsuit and concerns a matter that has no relation to the claim raised in his complaint. Plaintiff's medical condition and his concerns about the treatment he may or may not receive from mental health professionals are entirely unrelated to his claim that defendant Lind is violating his rights in connection with the preparation of his kosher food. Thus, it is not a claim properly raised in the context of this action.

Plaintiff speculates that if he is not prescribed methylphenidate, he will lack the mental discipline he needs to prosecute this suit. He appears to be aware that if a plaintiff were to prove that he is being physically prevented from prosecuting his lawsuit, the court may exercise its inherent authority to oversee the progress of its lawsuits by intervening in the matter, even if the matter is not related to his underlying claim. However, I am not persuaded that plaintiff Muehl's allegations require application of this exception. First, plaintiff Muehl is prosecuting his case with a co-plaintiff whose abilities are not alleged to be impaired. Second, plaintiff Muehl's medical condition may make it harder for him to concentrate than a person who does not have an attention deficit disorder, but it does not

prevent him from reading or writing or otherwise moving forward with this case. If he believes that one or more persons are being deliberately indifferent to his mental health care needs, he will have to raise the claim in a new lawsuit against the persons who are denying him treatment after he exhausts his administrative remedies with respect to that claim.

ORDER

IT IS ORDERED that plaintiff Michael Muehl's motion for a preliminary injunction, dkt. # 24, is DENIED.

Entered this 26th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3