IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL MUEHL and
DANIEL R. McBRIDE,

                    ORDER

        Plaintiffs,

v.                                   08-cv-539-bbc

BETH LIND,

        Defendant.

---

      Plaintiffs Michael Muehl and Daniel McBride are proceeding on their claim that defendant Beth Lind violated their rights under the free exercise clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act by failing to have the food on the kosher diet plan approved by a proper authority. Before the court is plaintiff Muehl's motion for an order compelling discovery, dkt. #35.

      On February 2, 2009, plaintiff Muehl served a first set of requests for production of documents on defendant Lind. Defendant responded on February 20, 2009, objecting to a number of requests. Instead of conferring with defendant's counsel about the objections, plaintiff filed this motion to compel regarding a number of is requests for production of documents. Defendant has responded to plaintiff's motion to compel suggesting resolutions to some of plaintiff's requests.

      In request # 4, plaintiff requests "Certified copies of credentials/license of all Dieticians/Food Service Employees, Financers, Administrators, Managers of WCI Food Service

dating back to 2006 January up to date this order is served on Defendant." Defendant objected to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also responded that no such document exists for Beth Lind. I agree with defendant that this request for document is overly broad.

In requests ## 8, 9, 10 and 11, plaintiff requests certified copies of the polices and procedures, the Administrative Code, Internal Management Procedure, cookbooks and manuals relating to Dietary Food Services from January 2006 to present. In her first response, defendant stated that plaintiff could review these records at the Waupun Correctional Institution records office or library. Because plaintiff has been transferred to Green Bay Correctional Institution, defendant has stated she will make arrangements for these documents to be sent to Green Bay Correctional Institution records office for plaintiff's review.

In his request #12, plaintiff requests a copy of the "A.B.A. standard". Defendant objects to this request because plaintiff does not indicate what A.B.A. means. Because plaintiff has not explained this requestor how it relates to his case, defendant cannot produce the document.

In request # 13, plaintiff requests certified copies of memoranda regarding preparation of dietary foods for Jewish inmates. In request # 15, plaintiff requests certified copies of all Jewish Kosher diet menus. Defendant has stated she will provide these documents for plaintiff's review at the Green Bay Correctional Institution.

In request #14, plaintiff requests copies of electronic images transmitted to WCI Food Services concerning preparations of foods from January 2006 to present. Defendant objects to this request and states that no such electronic transmissions exist.

In request #16, plaintiff requests certified copies of all receipts for Kosher foods purchased from January 2006 to present. Defendant objects on the ground that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant responds that fruit and other items on the Kosher diet are ordered through regular vendors on general invoices, and that it would be too burdensome to differentiate the items on Kosher Diets. However, defendant has arranged for plaintiff to review the requested Kosher entree receipts at the Green Bay Correctional Institution.

In requests ## 18 and 19, plaintiff requests certified copies of pictures of materials used in preparation of Kosher diets at Waupun dating back to January 2006 and of the storage facilities used to store religious foods. Defendant responds that no such documents exist.

In sum, I find that defendant has provided the responses to plaintiff's motion for production of documents to which he is entitled. Therefore, I will deny plaintiff's motion to compel discovery. In the future, before filing a motion to compel discovery, plaintiff should discuss any concerns that he has with defendant's counsel.

ORDER

IT IS ORDERED that plaintiff's motion to compel discovery, dkt. # 35, is DENIED.

Entered this 5th day of March, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3