IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL MUEHL and
DANIEL R. McBRIDE,

                        Plaintiffs,

      v.

BETH LIND,

                        Defendant.

ORDER

08-cv-539-slc

---

Plaintiffs Michael Muehl and Daniel McBride are proceeding in this case on a claim that defendant Beth Lind violated their rights under the free exercise clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act by failing to have food on the kosher diet plan approved by a proper authority. Currently the parties are in the process of briefing defendant's motion for summary judgment; plaintiff McBride filed a brief in opposition on May 5, 2009. This brief was unsigned by plaintiff Muehl. Now Muehl has filed a motion to be voluntarily dismissed from the case, questioning plaintiff McBride's religious sincerity and stating that "[a]fter all evidence Defendants have produced I do not feel they were acting outside of what they are suppose [sic] to do."

Voluntary dismissal under Rule 41(a)(2) is to be granted "on terms that the court considers proper." For example, the court may require that dismissal be with prejudice or condition the dismissal on plaintiff's payment of costs and attorney fees. Cauley v. Wilson, 754 F.2d 769, 771 (7th Cir. 1985). Considering that this case is now at the summary

judgment stage, I conclude any dismissal at this point must be with prejudice. It would be unjust to allow plaintiff Muehl to dismiss his claim without prejudice, leaving him free to renew it at a later time. Muehl cannot expect to subject defendant to eight months of litigation, including summary judgment proceedings, and walk away with no consequences.

Generally, the court should allow the plaintiff an opportunity to withdraw a motion for voluntary dismissal if the court decides that dismissal must be with prejudice. <u>Marlow v. Winston & Strawn</u>, 19 F.3d 300, 305 (7th Cir. 1994). Even though it seems quite clear from his motion that plaintiff Muehl does not wish to proceed with this case, I will give him an opportunity to withdraw the motion. Seeing as plaintiff McBride has already filed a brief in opposition to defendant's motion for summary judgement, plaintiff Muehl has a choice: he can (1) reaffirm his choice to voluntarily dismiss his claim even though that dismissal will be with prejudice, or he can (2) choose to continue with the summary judgment proceedings, standing on plaintiff McBride's submission. Because McBride's brief was not signed by Muehl, I have attached a copy of that brief to this order. If Muehl wishes to continue with the case he should sign it and send the court and defendant each a copy. Muehl will have until the June 1, 2009 summary judgment opposition deadline to inform the court of his decision, although he is encouraged to respond as quickly as possible. If the court does not receive a response by June 1, 2009, I will assume that Muehl wishes to be voluntarily dismissed with prejudice from this action.

ORDER

IT IS ORDERED that plaintiff Michael Muehl's motion for voluntarily dismissal is STAYED. Muehl has until June 1, 2009, to inform the court whether he wishes to be voluntarily dismissed with prejudice from this action, or continue in the action and return a signed copy of plaintiff McBride's summary judgment opposition brief. If the court does not receive a response by June 1, 2009, I will assume that Muehl wishes to be voluntarily dismissed with prejudice from this action.

Entered this 13th day of May, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge