IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL MUEHL and
DANIEL R. McBRIDE,

                Plaintiffs,

v.

BETH LIND,

                Defendant.

ORDER

08-cv-539-slc

---

The question in this prisoner civil rights case is whether defendant Beth Lind, the food services manager at plaintiffs' prison, is violating plaintiffs' rights under the free exercise clause and the Religious Land Use and Institutionalized Persons Act by failing to have their food blessed by a rabbi or otherwise approved by a proper authority. Defendant's motion for summary judgment is ripe for review. Dkt. 50 (Plaintiff Muehl had filed a motion to voluntarily dismiss his claim, dkt. 59, but he later withdrew that motion. Dkt. 62.)

Under both the free exercise clause and RLUIPA, plaintiffs have the burden to show that defendant is imposing a substantial burden on their ability to practice a sincerely held religious belief. *Koger v. Bryan*, 523 F.3d 789, 797-98 (7th Cir. 2008); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 996-97 (7th Cir. 2006). Plaintiffs have failed completely to meet their burden because they did not submit any evidence in support of their position. In their brief, plaintiffs say only that, "according to Jewish law, all food must be blessed by a rabbi." Plts' Br., dkt. 62, at 3. However, they cite no authority for this assertion, not even their own affidavit. In fact, plaintiffs have not even established through an affidavit that they practice the Jewish faith and follow Jewish dietary laws. Plaintiff Muehl submitted an affidavit, but it addressed the question whether defendant provides kosher meals during "training days," Muehl Decl., dkt. 61,

an issue that is outside the scope of this lawsuit.

Defendant submitted an affidavit from a religious expert who averred that Jewish law does not require food to be blessed to be kosher. Rather, it is the type of food and the way it is prepared that determines this. Paliekara Aff. ¶¶13-14, dkt. 54. The Wisconsin Department of Corrections insures that packaged and processed food products served to Jewish prisoners are kosher by purchasing products that are labeled and certified as such by Jewish organizations. Althaus Aff. ¶¶17-20, dkt. 55. Plaintiffs do not adduce any evidence showing that the department's process is deficient in any respect.

Summary judgment is the point in the case at which the plaintiff must show that he has enough evidence to allow a reasonable jury to render a verdict in his favor. *Schacht v. Wisconsin Dept. of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999) ("Summary judgment is not a dress rehearsal or practice run; it is the. . . [moment] when a party must show what evidence it has that would convince a trier of fact to accept its version of the events."). Because plaintiffs have failed to do this, summary judgment must be granted in favor of defendant.

## ORDER

IT IS ORDERED that defendant Beth Lind's motion for summary judgment, dkt. 50, is GRANTED.

Entered this 24th day of June, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge